# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RICHARDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>R. TUMAN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01166-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO INCORPORATE STATEMENT OF THE CASE AND EXHIBITS WITH COMPLAINT<br><br>(ECF NO. 8)<br><br>THIRTY-DAY DEADLINE |

Paul Richardson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on August 28, 2018. (ECF No. 1). Plaintiff alleged that he did not have his legal books and work, and so was not able to "perfectly" submit his complaint. (Id.). On August 31, 2018, Plaintiff filed a motion to incorporate a statement and exhibits into the complaint. (ECF No. 8).

Plaintiff's motion to incorporate will be denied. Local Rule 220 states that "[u]nless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Plaintiff has failed to provide any reason why the Court should allow Plaintiff to supplement his complaint without filing a new complaint that is complete in itself.

However, given that Plaintiff has stated that his complaint can be improved, and his attempt to supplement his complaint, the Court will grant Plaintiff leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

The Court also refers Plaintiff to Federal Rule of Civil Procedure 8(a)(2), which states that "[a] pleading that states a claim for relief must contain a *short and plain statement* of the claim showing that the pleader is entitled to relief" (emphasis added).

Finally, the Court notes that Plaintiff does not need to file any evidence with his complaint, but if Plaintiff chooses to file an amended complaint, he should describe all relevant facts in the amended complaint and may attach any exhibits he believes are necessary for the Court and the defendant(s) to understand his factual allegations.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to incorporate is DENIED; and

2. Plaintiff has thirty days from the date of service of this order to:

a. File an amended complaint; or

b. Notify the Court that he wants the Court to screen his current complaint, without reference to the additional documents filed on August 31, 2018.

IT IS SO ORDERED.

Dated:  **September 6, 2018**                      /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE